JAMES BUXTON, Respondent, *vs.* THE ST. LOUIS & IRON MOUN-
TAIN RAILROAD Co., Appellant.

Tiarks vs. Same, *ante* p. 45, affirmed.

*Appeal from Madison Circuit Court.*

*Dryden & Dryden,* for Appellant.

*Cahoon and Duchouquette,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action for double damages against the defend-
ant, under the 43rd section of the railroad corporation law,
(Wagn. Stat., 310).

The petition alleged that defendant, by its engine, injured
plaintiff's ox on its railroad at a place where the same, un-
fenced, ran through uninclosed prairie land.

The cause was tried before the court sitting as a jury, and
the only evidence in the case as to the character of the coun-
try through which the road ran where the injury happened,
was given by the plaintiff and his son. They both testified
that the road was not fenced where the killing took place;
and that at that point the land was timbered land, but that it
had been stripped of its timber.

At the instance of the plaintiff the court gave one declara-
tion of law, to the effect, that if the defendant, by its engine,
ran over and killed the ox of the plaintiff, while it was on
the track of the road at a point where the same was not in-
closed by a lawful fence, and where the road passed through
uninclosed prairie lands, and that the ox strayed upon the
track by reason of the want of such fence, then it was by the
carelessness and negligence of the company, and plaintiff was
entitled to recover; and that "uninclosed prairie lands," as
used by the statute, meant and embraced woodlands.

The court refused defendant's instructions, to the effect,
that land covered with timber was not prairie land, and that
land once covered with timber, but from which the timber
had been cut off or stripped, was not prairie land. There
was then a finding of the damages, which were doubled, and
judgment accordingly.

Manifestly there was error in giving plaintiff's instructions. There was no evidence in the case on which to base the hypothesis that the point where the killing was done was uninclosed prairie land, but the plaintiff's own testimony was directly to the contrary, and showed that the land was timbered land. Then the further declaration is made, that prairie land and woodland are synonomous, and mean one and the same thing.

We cannot admit the correctness of this view. This question, however, has been recently discussed in the case of Tiarks against this defendant, and it is only necessary to refer to the opinion in that case, which must govern and control this.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.